IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 1:19-CR-152 |
| DAVID FRANCES CLARK, | ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, District Judge.

The defendant-inmate, David Francis Clark, asks the Court to reduce his sentence pursuant to the compassionate release provisions of 18 U.S.C. § 3582(c)(1)(A). Because Mr. Clark's chronic conditions are well-controlled, his criminal history and the nature and circumstances of the offense show he is still a danger to the community, and he has not even served one year of his lengthy sentence, his motion for compassionate release will be denied.

### PROCEDURAL BACKGROUND

In 2019, Mr. Clark pled guilty to one count of possession with intent to distribute cocaine hydrochloride, Doc. 14; Minute Entry 05/08/2019, and he was sentenced to 162 months in the custody of the Bureau of Prisons ("BoP"). Doc. 25. He filed a motion for compassionate release through counsel, pursuant to 18 U.S.C. § 3582(c)(1)(A), on May 22, 2020, asking the Court to reduce his sentence. Doc. 35. The Court set a deadline for the government to respond and directed the government to submit any BoP medical

records if it disputed Mr. Clark's medical claims and to submit evidence of the extent of the pandemic at the facility where Mr. Clark resides if it objected to the motion. Doc. 38 at 2–3. The Court directed the probation office to file under seal information about Mr. Clark's record while incarcerated. *Id.* at 2. The Court authorized Mr. Clark to file a reply brief and supplemental evidence if appropriate. *Id.* at 3.

The government and defense counsel promptly filed briefs in this matter, Docs. 40 and 44, and the government filed exhibits consisting of the warden's denial of Mr. Clark's request for compassionate release, Doc. 41-1, his inmate profile page, Doc. 41-2, his relevant BoP medical records, Doc. 41-3, and his disciplinary record. Doc. 41-4. The matter is now ripe for decision.

## ANALYSIS AND DISCUSSION

Courts do not have unfettered authority to modify criminal sentences, *United States v. Goodwyn*, 596 F.3d 233, 235–36 (4th Cir. 2010), but § 3582(c)(1)(A) does authorize courts to reduce an inmate's sentence upon a showing of extraordinary and compelling reasons, subject to exhaustion of administrative remedies and other considerations. The government agrees that Mr. Clark has satisfied the exhaustion requirement, Doc. 40 at 11, which the Court therefore need not address further.

1. **Extraordinary and Compelling Reasons**

Mr. Clark suffers from asthma and hypertension and lacks a spleen. Doc. 41-3. The CDC lists moderate-to-serious asthma and hypertension as conditions that "might" increase risk for severe illness from COVID-19, *Coronavirus Disease 2019*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-

2

medical-conditions.html (last visited July 9, 2020). The government has not disputed Mr. Clark's contention that his lack of a spleen may diminish his ability to fight infection. Doc 40 at 15; Doc. 44 at 1–2.

To the extent the government contends that the motion must be denied because Mr. Clark does not fall within one of the specified categories for extraordinary and compelling reasons specified in U.S.S.G. § 1B1.13 app. note 1(A)–(C), the Court rejects this argument. That policy statement applies only to motions for compassionate release filed by BoP. *United States v. Beck*, 425 F. Supp. 3d 573, 579–580 (M.D.N.C. 2019). While the policy statement provides some helpful guidance, it is not binding on the Court. *Id.* at 582. Even if it was compulsory, the policy statement itself recognizes that the examples in the application note do not capture all extraordinary and compelling circumstances. U.S.S.G. § 1B1.13, app. note 1(A)–(B), (D); *see Beck*, 425 F. Supp. 3d at 583.

Serious health issues can be an appropriate basis for a sentence reduction, in appropriate circumstances and subject to the § 3553(a) factors, but rarely, if ever, should they be examined in a vacuum. Here, the medical records from BoP show that Mr. Clark receives appropriate medical care in custody, at least by the Court's lay review of those records. He has received an inhaler and pill for his asthma symptoms, which appear to be mild, and two medications for his hypertension. Doc. 40 at 16; Doc. 41-3. His chronic medical conditions appear to be well-controlled. At least as importantly, the evidence shows that only one staff member and no inmates have tested positive for COVID-19 at FCI Ashland, the institution where Mr. Clark resides, Doc. 44 at 2; *COVID-19*, FED.

3

BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited July 9, 2020), indicating that the Bureau is taking appropriate steps to reduce risk of transmission.[1]

The mere existence of COVID-19 in society and the possibility that it may spread to a particular prison cannot independently justify compassionate release. *See, e.g.*, *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). While there might be a case where an inmate's particular health situation and other factors justify compassionate release in light of the COVID-19 pandemic, *see, e.g.*, *Poulios v. United States*, No. 2:09-CR-109, 2020 WL 1922775, at *3 (E.D. Va. Apr. 21, 2020); *United States v. Edwards*, No. 6:17-CR-00003, 2020 WL 1650406, at *3–5 (W.D. Va. Apr. 2, 2020), the current record does not establish that this is such a case.

**2. Sentencing Factors**

Even if Mr. Clark did satisfy the requirement of showing extraordinary and compelling reasons for a sentence reduction, the § 3553(a) sentencing factors do not support a reduction in his sentence. His underlying offense was serious, involving possession with intent to distribute heroin, cocaine base, and cocaine hydrochloride. Doc. 19 ¶¶ 6, 9. The drug amounts were significant. Doc. 19 ¶ 6. Mr. Clark has a long history of firearms offenses, Doc. 19 ¶¶ 27, 28, 30, and of selling illegal drugs, Doc. 19 at ¶¶ 30–34; Doc. 40 at 5; Doc. 44 at 2, and he is a career offender. Doc. 19 ¶ 20. Previous active sentences did not deter his criminal conduct; he was on state probation when he

---

[1] Mr. Clark suggests some inmates may have undetected COVID-19, contending in his brief that the positive-testing staff member interacted with inmates and that widespread testing does not occur at FCI Ashland. Doc. 44 at 2. But he offers no evidence in support of these contentions made in his brief.

committed the instant crimes, and his record shows he is still a danger to the community. U.S.S.G. § 1B1.13(2). He has not served even one year of his substantial sentence. Doc. 25 at 1; Doc. 40 at 4–6.

Mr. Clark contends that he will not be able to sell drugs due to travel restrictions and a worldwide shortage of illegal drugs. Doc. 44 at 2–3. This argument does not suggest that Mr. Clark has been rehabilitated, but instead suggests that he will stop selling drugs temporarily because of external circumstances. His release plan calls for him to live in the same environment in which he committed the crimes underlying his current conviction. *See* Doc. 19 ¶ 59 (indicating he was living with girlfriend Sarah McIver at the time of his offense); Doc. 39 (reflecting his release plan to live with Ms. McIver). The Court appreciates Mr. Clark's lack of disciplinary action while incarcerated and the various jobs and vocational/educational programs he has completed, Docs. 39 and 41-4, but overall the § 3553(a) factors do not support a sentence reduction.

It is **ORDERED** that:

1. The motion for compassionate release, Doc. 35, is **DENIED**.
2. This order does not affect Mr. Clark's pending § 2255 petition, *see* Docs. 25, 29, which will be resolved by separate order.

This the 13th day of July, 2020.

_____
UNITED STATES DISTRICT JUDGE