IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 1:19-CR-152 |
| | ) | |
| DAVID FRANCIS CLARK, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, District Judge.

The defendant-inmate, David Clark, moves for a sentence reduction under the compassionate release provisions of 18 U.S.C. § 3582(c)(1)(A). An earlier motion seeking similar relief was denied, as was a motion for reconsideration, based largely on the § 3553(a) factors. In his current motion, Mr. Clark makes many of the same arguments he made in previous motions, often citing the same exhibits the Court has previously considered. He also provides additional evidence of rehabilitation and makes two new arguments: that he no longer qualifies for the career offender enhancement and that the BOP is mismanaging the spread of monkey pox at FCI Ashland and has other infectious disease outbreaks. But the sentencing factors still weigh against release. Therefore, the motion will be denied.

**I.     Factual and Procedural Overview**

In March 2019, Mr. Clark was indicted for possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine hydrochloride. Doc. 1. Later that year, he pled guilty to the lesser included offense of

possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine hydrochloride. Minute Entry 05/08/2019; Doc. 14 at ¶ 2; Doc. 19 at ¶ 2.[1] He entered into a plea agreement in which he and the government made a binding agreement that his guideline range would be 151–188 months and his sentence would be within that range. Doc. 14 at ¶ 5(c); *see also* Doc. 19 at ¶ 80. The government also agreed to not file Informations under § 851 which would have subjected Mr. Clark to enhanced penalties. Doc. 14 at ¶ 5(d); *see also* Doc. 19 at ¶ 79. In return, Mr. Clark agreed to significantly limit his right to both appeal his conviction and sentence and to raise post-conviction challenges. Doc. 14 at ¶ 5(d).

At sentencing, the Court found that the defendant "fully earned his career offender status," Doc. 26 at 4, based on a number of convictions for drug-related felonies, *see* Doc. 19 at ¶ 20, and applied the career offender enhancement. The Court sentenced Mr. Clark to 162 months in prison, Doc. 25 at 2, which was consistent with the plea agreement. *See* Doc. 14 at ¶ 5(c); Doc. 19 at ¶ 80. The active sentence will be followed by three years of supervised release. Doc. 25 at 3. His § 2255 motion, Doc. 27, was later denied. Doc. 56, *adopting* Doc. 47.

In May 2020, Mr. Clark, through counsel, filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), asking the Court to reduce his sentence based on chronic medical conditions and the risk of complication posed by the COVID-19 virus.

---

[1] The Court adopted the presentence investigation report, Doc. 19, with minor changes not relevant to this Order. Doc. 26 at 1.

*See* Doc. 35. The Court denied the motion because his chronic conditions were well-controlled and because the § 3553(a) factors made a sentence reduction inappropriate in light of his continued danger to the community and the lengthy amount of time left on his sentence. Doc. 45 at 1.

In December 2020, Mr. Clark moved for reconsideration. Doc. 50. Mr. Clark is housed at FCI Ashland, where he contended that the BOP had not provided adequate medical care for his chronic asthma, hypertension, or lack of a spleen since he tested positive for the COVID-19 virus in November 2020. *See* Doc. 50 at 1–2. The Court allowed Mr. Clark to submit supplemental pleadings and other evidence to develop the record, *see* Doc. 52, which he did. *See* Docs. 54–55, 59. The government responded, Docs. 64–65, and Mr. Clark filed a reply brief with additional evidence. *See* Doc. 70.

The Court granted the motion for reconsideration and found that Mr. Clark had established extraordinary and compelling circumstances warranting a sentence reduction, based on his health conditions and risks of severe complications from COVID-19, in light of mismanagement by BOP. Doc. 76 at 11–15. However, the Court found that the sentencing factors overall did not favor a sentence reduction and denied the underlying motion for compassionate release. *Id.* at 15–16.

On September 30, 2022, Mr. Clark filed the current motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Doc. 96. He makes the same argument that the Court should reduce his sentence based on his chronic medical conditions and the risk of complications posed by the COVID-19 virus. *See id.* at 6–8. He also makes two new

3

arguments. First, he argues that he is no longer a career offender after recent changes in case law. *Id.* at 9–10. Second, he argues that the BOP's handling of a recent outbreak of monkey pox at FCI Ashland puts him at additional risk of complications. *Id.* at 10.

In February 2023, Mr. Clark filed a motion for leave to supplement his compassionate release motion. Doc. 101. He states that there have been recent outbreaks of hand, foot, and mouth disease as well as shingles and chicken pox at Ashland. Doc. 100; Doc. 101 at ¶¶ 3–5; *see also* Doc. 101-1 (inmate bulletin showing one identified case of chickenpox in the F unit and placing the unit on "restrictive movement" until January 31, 2023). Mr. Clark also provided more documentation of his rehabilitative efforts. *See* Docs. 101-2, 101-3, 101-4, and 101-5.

Mr. Clark has been in custody since March 28, 2019, just under four years. *See* Doc. 19 at 1. His current release date is September 28, 2030. *See Find an Inmate*, FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Jan. 18, 2023).

## II. Discussion

Courts do not have unfettered jurisdiction or discretion to modify criminal sentences. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) ("The law closely guards the finality of criminal sentences against judicial change of heart." (cleaned up)). A court may modify a sentence only when a provision in the Federal Rules of Criminal Procedure or a statute expressly permits it do so. *See* 18 U.S.C. § 3582(c). Section 3582(c)(1)(A), often called the "compassionate release" provision, is one such statutory provision.

4

Section 3582(c)(1)(A) requires that extraordinary and compelling reasons merit a reduction in sentence, that the reduction is consistent with any applicable policy statements issued by the Sentencing Commission, and that the relevant § 3553(a) sentencing factors do not counsel against early release. *See United States v. McCoy*, 981 F.3d 271, 275 (4th Cir. 2020); *United States v. High*, 997 F.3d 181, 185–86 (4th Cir. 2021). Even if the court finds extraordinary and compelling reasons support release, the court in its discretion may deny a defendant's motion after balancing the applicable § 3553(a) factors. *See High*, 997 F.3d at 186.

### A. Extraordinary and Compelling Reasons

Mr. Clark contends that extraordinary and compelling reasons exist because of his chronic medical conditions and risk of reinfection from COVID-19 and other viruses. Mr. Clark established extraordinary and compelling circumstances warranting a sentence reduction in connection with an earlier motion, based on his health conditions and risks of severe complications from COVID-19. Doc. 76 at 11–15.

Mr. Clark also contends there are two new extraordinary and compelling reasons that warrant a sentence reduction. First, he says that he is no longer a career offender after the Fourth Circuit's decision in *United States v. Locklear*, No. 19-4443, 2022 WL 2764421, at *2–3 (4th Cir. July 15, 2022) (per curiam) (unpublished). Doc. 96 at 9–10; *see also* Doc. 99 (motion to add the "Supplemental Reply Brief of Defendant Jesse Melvin Locklear" as an exhibit). In *Locklear*, the court held on direct appeal that the North Carolina crime of felony sale or delivery of a controlled substance within 300 feet

5

of a school is not a controlled substance offense for career offender purposes. 2022 WL 2764421, at *2–3. Mr. Clark contends that his career offender status was based on convictions that would not qualify as controlled substance offenses under *Locklear* so that today he would have a lower guidelines range. Doc. 96 at 9–10. Second, he says that BOP cannot control the spread of monkey pox at FCI Ashland. *Id.* at 10, 13.

Mr. Clark's evidence as to mismanagement of the monkey pox outbreak is thin, and it is doubtful that an occasional case of an infectious disease, such as shingles, chicken pox, and hand, foot, and mouth disease, constitutes extraordinary and compelling circumstances. Nor is it clear that he would not be a career offender under current law.[2] But the Court need not wade into this quagmire because the § 3553(a) factors weigh against release even assuming Mr. Clark is correct, as discussed *infra*. *See United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021) (per curiam) (noting a court may not grant compassionate release "without considering the factors set forth in section 3553(a) to the extent that they are applicable" (cleaned up)).

### B. Section 3553(a) Factors

Whether or not Mr. Clark would be a career offender as that term is used in the guidelines if he were sentenced today, it is beyond obvious that he is a repeat offender at high risk of recidivism. A sentence reduction would not protect the community.

---

[2] *See United States v. Scotland*, No. 18-CR-49, 2022 WL 15489214, at *3–5 (E.D.N.C. Oct. 26, 2022) (holding, post *Locklear*, that possession with intent to sell and deliver is a controlled substance offense for career offender purposes*); see also United States v. Pate*, No. 17-CR-56-1, 2023 WL 362813, at *4 (M.D.N.C. Jan. 23, 2023).

6

Mr. Clark has a history of committing firearms offenses, Doc. 19 at ¶¶ 28, 30, and selling illegal drugs. *Id.* at ¶¶ 30–34. He has served several substantial prison terms. *Id.* at ¶ 27 (serving almost 8 years of 15-year sentence); *id.* at ¶ 30 (serving about three and a half years); *id.* at ¶ 33 (serving about two and a half years); *id.* at ¶ 34 (serving about a year). Someone with eleven felony convictions for drug offenses, including state trafficking crimes involving at least 28 grams of cocaine, *id.* at ¶ 33 (felony trafficking cocaine by possession and manufacture), three different convictions for maintaining a place to keep controlled substances, ¶¶ 32–33, five different convictions for possession with intent to sell/deliver cocaine, ¶¶ 30–34, one conviction for felony conspire to sell cocaine, ¶ 32, and one conviction for possession with intent to sell/deliver marijuana, ¶ 30, is a repeat drug dealer, no matter how one cuts the cards.[3]

Despite being well into his forties and while on state probation for a felony, he repeatedly tested positive for illegal drugs, including cocaine and marijuana, had no legitimate employment, and did not take probation seriously. *See id.* at ¶ 36. He was on state probation when he committed the instant crime, *see id.* at ¶¶ 3, 36, which involved significant amounts of heroin, cocaine base, and cocaine hydrochloride. *Id.* at ¶¶ 6–9.

Mr. Clark's vulnerability to COVID-19 does not outweigh the need to protect the public or provide adequate deterrence. His pre-existing health problems, *see id.* at

---

[3] Mr. Clark reached Criminal History Category VI even without the career offender enhancement. Doc. 19 at ¶ 40. Only thirteen points are needed for Category VI, and he had sixteen, which did not include consideration of an old voluntary manslaughter conviction, *id.* at ¶ 27 (assessing no points), and which only included three points for a set of nine drug felonies occurring on three different dates where the crimes were consolidated for judgment. *Id.* at ¶¶ 31–33.

7

¶¶ 61–62, that place him at higher risk for COVID-19 complications did not prevent him from engaging in large-scale drug distribution, nor would release into the community necessarily insulate him from contracting COVID-19 or other contagious illnesses

A sentence reduction would not promote respect for the law. Mr. Clark's sentence was carefully negotiated and resulted in a binding plea agreement that his guideline range would be 151–188 months and that his sentence would be within that guideline range. Doc. 14 at ¶ 5(c). Mr. Clark received substantial benefits from this plea agreement, including a reduction in the statutory maximum sentence as the government agreed he could plead to a lesser included offense, *see* Doc. 19 at ¶ 79 (showing maximum sentence under the indictment as 40 years), and that it would not file Informations under § 851 that would have exposed him to additional penalties. Doc. 14 at ¶ 5(d); *see also* Doc. 31 at 25–27. A sentence reduction based on the possibility that he would not be a career offender today undermines both legitimate and serious interests in the finality of sentences, *see United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010), and the expectations of the parties at the time they were each evaluating whether a trial was a more appropriate choice than a plea bargain. *See United States v. Bond*, 56 F.4th 381, 384–85 (4th Cir. 2023) (noting that considering the parties' plea agreement can be an appropriate consideration in evaluating § 3582(c)(1)(A) motions).

The need to afford adequate deterrence also weighs against release. Mr. Clark repeatedly committed new crimes while under supervision and was not deterred by a previous sentence in federal court, Doc. 19 at ¶ 28, or numerous active state prison

sentences. To date he has served fewer than four years on his current sentence, which is still less than the time than the guidelines would suggest even without the career offender enhancement. *See id.* at ¶¶ 19, 21–22 (showing offensive level without enhancement would be 21); *id.* at ¶ 40 (showing criminal history category without enhancement would be VI); U.S.S.G. Ch. 5 Pt. A (sentencing table showing guideline range would be 77–96 months for offense level 21 and criminal history category VI). At sentencing, the Court did not go to the bottom of the guideline range; recognizing his criminal record and the nature and circumstances of the offense, the sentence was almost a year longer. Doc. 31 at 29. A sentence reduction will not adequately deter Mr. Clark from committing new crimes in the future.

The Court appreciates that Mr. Clark has taken advantage of various programs offered at Ashland. *See* Docs. 101-2, 101-3, 101-4, and 101-5. But these efforts do not outweigh the factors supporting his current sentence.

It is **ORDERED** that:

1. The defendant's motion for leave to supplement the compassionate release motion, Doc. 101, is **GRANTED**.

2. The defendant's motion for compassionate release, Doc. 96, as amended, Doc. 99, and as supplemented, Docs. 100–101, is **DENIED.**

This the 13th day of February, 2023.

_____
UNITED STATES DISTRICT JUDGE

9

Case 1:19-cr-00152-CCE   Document 102   Filed 02/13/23   Page 9 of 9